## CARL DAVIDSON'S CASE.

Suffolk. October 16, 1917. — October 18, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Workmen's Compensation Act,* Medical and hospital services. *Physicians and Surgeons.*

Where a manufacturer, who was a subscriber under the workmen's compensation act, had posted notices in his factory giving the name and location of a hospital where "medical and hospital attendance" would be furnished for injured employees, and an injured employee, when urged to go to the designated hospital, replied that he "did not want to bother," and afterwards was attended by a physician of his own choosing, under St. 1911, c. 751, Part II, § 5, as amended by St. 1914, c. 708, § 1, the insurer is not liable to the physician for any part of his services.

APPEAL to the Superior Court from a decision of the Industrial Accident Board upon an intervening petition under St. 1911, c. 751, Part III, § 13, of Francis R. Mahoney, asking for the approval by the Industrial Accident Board of the payment of his fee for services as a physician rendered to Carl Davidson, an injured

employee and a claimant for compensation under the workmen's compensation act, during the first two weeks after his injury.

The decision appealed from was as follows: "The Industrial Accident Board find and decide upon all the evidence that the employer complied with its obligation to furnish reasonable medical and hospital services by offering such services at the Lowell General Hospital; and that the insurer is not under any liability to pay the bill of the physician selected by the employee. Therefore, the claim of the physician for services rendered the employee is dismissed."

The case was heard by *Lawton*, J. The material facts are stated in the opinion. The judge made a decree affirming the decision of the Industrial Accident Board and declaring "that the insurer is not under any liability to pay the bill of the physician selected by the employee." The intervening petitioner appealed.

St. 1911, c. 751, Part II, § 5, as amended by St. 1914, c. 708, § 1, is as follows: "During the first two weeks after the injury, and, if the employee is not immediately incapacitated thereby from earning full wages, then from the time of such incapacity, and in unusual cases, in the discretion of the board, for a longer period, the association shall furnish reasonable medical and hospital services, and medicines, when they are needed. Where, in a case of emergency or for other justifiable cause, a physician other than the one provided by the association is called in to treat the injured employee, the reasonable cost of his services shall be paid by the association, subject to the approval of the Industrial Accident Board. Such approval shall be granted only if the board finds that there was such justifiable cause and that the charge for the services is reasonable."

*T. H. Mahony*, for the intervening petitioner, submitted a brief.

*G. Gleason*, for the insurer.

BY THE COURT. This is a claim under the workmen's compensation act for compensation for services rendered by a physician in treating an employee for injuries received by him arising out of and in the course of his employment. The facts disclosed by the record are that arrangements had been made with a hospital to furnish to employees of the insured, injured in the course of their work, necessary medical and surgical treatment, and that notices to this effect were posted conspicuously in different places

in the manufactory of the insured employer. The employee in the case at bar immediately upon being injured was urged to go to the designated hospital. He replied that he "did not want to bother," but finally consulted a physician of his own selection not connected with the hospital. That physician contended before the single member of the Industrial Accident Board who heard the evidence that the notices posted were insufficient in not stating that the injured employee "must" go to the hospital. That contention is not sound. A notice of that tenor would not be true. The statute imposes an obligation upon the insurer to furnish reasonable medical attendance. It does not make it imperative upon the employee to accept such attendance. He is at liberty under the act, if he prefers to do so, to secure at his own expense medical attendance of his own selection.

The notices posted in the manufactory of the employer were amply sufficient. They gave the name and location of the hospital where both "medical and hospital attendance" were furnished for injured employees. The decision of the Industrial Accident Board to the effect that the insurer was not liable to the physician selected by the employee was plainly right. The insurer had done all that the act required of it in providing reasonable medical attendance. *Panasuk's Case*, 217 Mass. 589. *Pecott's Case*, 223 Mass. 546.

*Decree affirmed.*