FRANK RIPLEY'S CASE.

Suffolk.   November 9, 1917. — January 17, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act.   Evidence,* Presumptions and burden of proof.
*Words,* "Furnish."

The requirement of the workmen's compensation act contained in St. 1914, c. 708,
    § 1, that for the first two weeks after an injury to an employee the insurer
    "shall furnish reasonable medical and hospital services," is not complied with
    by having posted notices in the employee's place of work to the effect that he
    could be treated for injuries at a certain hospital, without having made ar-
    rangements with that hospital for such services and without having done
    anything more after the employee's injury than to direct him to go to that
    hospital.
In the case where the point above stated was decided, there was evidence that
    notices had been posted at the place of work of the employee to the effect that
    he could be treated for his injuries at the hospital to which his foreman sug-
    gested after his injury that he should be taken and to which the employee de-
    clined to go, and it was *held,* that, although this evidence would have supported
    a finding by inference that arrangements for the treatment of employees at that
    hospital had been made, it did not require such an inference as matter of law,
    and that a finding by the Industrial Accident Board that there was no evi-
    dence that any arrangements had been made to furnish treatment was war-
    ranted, there having been no direct evidence to that effect.

APPEAL to the Superior Court from a decision of the Industrial
Accident Board upon intervening petitions under St. 1911, c. 751,
Part III, § 13, of Dr. Henry O. Lacey and Dr. Frederic J. Cotton,
asking for the approval by the Industrial Accident Board of the
payment of their fees for services as physicians rendered to Frank
Ripley, an injured employee of the Independent Ice Company
and a claimant for compensation under the workmen's compensa-
tion act, during the first two weeks after his injury.

The decision appealed from was as follows: "The evidence
shows that the only treatment offered the injured employee in
the city of Cambridge was that in the notice offering treatment at
the Cambridge Relief Hospital.   To 'furnish' treatment within
the meaning of the act imports, in the opinion of the board, some-
thing more than a mere direction to an employee to go to an open
hospital or clinic.   The act requires that the insurer shall make

adequate arrangements for the care of those to whom the duty is owed in the event of injury. There is no evidence here that any arrangements were made to furnish treatment, that anything was done more than to direct the employee to go to an open hospital. The board find that reasonable medical treatment was not furnished by the insurer and that the insurer is liable to Dr. Cotton in the amount of $25 for his services and to Dr. Lacey in the amount of $37."

The case was heard by *Fox*, J. The material facts which appeared by the report are stated in the opinion. The judge made a decree in accordance with the decision of the Industrial Accident Board ordering the insurer to pay the amounts named above to Dr. Cotton and Dr. Lacey respectively. The insurer appealed.

*G. Gleason*, for the insurer.

*J. A. Donovan*, for the claimant physicians.

CROSBY, J. This is an appeal under the workmen's compensation act by the insurer from a decree of the Superior Court directing the insurer to pay to two physicians certain sums for medical services rendered to Ripley, the employee, during the first two weeks following his injury.

The circumstances under which the services were rendered may be stated briefly: The employee, who was employed in a stable of the employer, was injured by being kicked by a horse; the foreman of the employer, one Paul, arrived at the stable soon after the accident and suggested to the employee that he be taken to the Cambridge Relief Hospital. Ripley replied that he did not want to go to the hospital, that he would like to have his own doctor if he could have him. The foreman told Ripley that he did not know of any reason why he could not have his own doctor, and Dr. Lacey was called who took Ripley home and treated him for his injuries. His bill for services covers the first two weeks after the injury. Dr. Cotton was called in by Dr. Lacey and assisted in treating the employee.

The uncontradicted evidence shows that at the time of the injury and previously thereto, notices were posted in different places on the premises where Ripley was employed directing the employees where to go for treatment in case of injury; one of the places so designated by the notices was the Cambridge Relief Hospital on Prospect Street.

The provision of the statute which requires the association to furnish "reasonable medical and hospital services" is contained in St. 1911, c. 751, Part II, § 5, as amended by St. 1914, c. 708, § 1. The word "furnish" as used in the statute was defined by this court in *Panasuk's Case*, 217 Mass. 589, at page 593, as meaning "something more than a passive willingness to respond to a demand. It implies some degree of active effort to bring to the injured person the required humanitarian relief." These words import that some arrangements must be made in advance in the ordinary case, or at least that some one be at hand with authority to make the arrangements for medical relief. If arrangements with a hospital for medical attendance to the employee had been made, the act would have been complied with in that respect. *Davidson's Case*, 228 Mass. 257. There was evidence that notices had been posted on the premises where the employee was at work to the effect that he could be treated for his injuries at the Cambridge Relief Hospital; this evidence would support a finding by inference that such arrangements had been made. Still there was no direct evidence to that effect, and the board did not make that finding and was not required as matter of law so to find. On the other hand, the board did find that "There is no evidence here that any arrangements were made to furnish treatment, that anything was done more than to direct the employee to go to an open hospital." That finding must be accepted. It cannot be said to be unwarranted. Nor can it be said, in view of the findings of fact made by the board, that there was any error of law.

*Decree affirmed.*