# Trustees of the State Hospital of the Middle Coal Field of Penna. *v*. Lehigh Valley Coal Co., Appellant.

*Workmen's compensation—Hospital service—Employer s liability for hospital treatment of employee—Implied contract—Assumpsit—Acts of June 14, 1887, P. L. 399, and June 2, 1915, P. L. 736—Construction of statutes—Avoiding unconstitutionality.*

1. Under section 306, par. (2) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, 743, a state hospital incorporated under Act of June 14, 1887, P. L. 399, may recover for hospital services and treatment rendered to a coal company's employees injured in the course of their employment, and removed to the hospital for treatment with the company's consent; and this is the case although the injured persons were of a class for which no charge for service was allowable under the Act of 1887; and although no formal application had been made by such employees to the coal company for medical service.

2. In such case, the coal company, in lieu of furnishing to its employees the medical service required by the Act of 1915, having acquiesced in the removal of the injured employees to the hospital for care and treatment, adopted this method of performing its statutory duty, and at once there arose an implied obligation on its part to pay the hospital for such service.

3. At the time the Act of 1887 was passed no obligation on the part of the employer existed to furnish aid of any sort to those injured while in his service. The Act of 1915 changed the status of the employer by creating a duty not previously existing and also a condition not in contemplation of the legislature at the time of the passage of the Act of 1887. The Workmen's Compensation Act is a general law applicable throughout the State and makes no attempt to exempt from liability a class of employers within a particular district and impose upon the State the burden they would thus escape. A construction permitting the hospital under the Act of 1887 to recover for service thus rendered at the implied request of the employer permits both that act and the Workmen's Compensation Act to stand together, and avoid a construction of the later act raising a question of its constitutionality.

Argued April 12, 1920. Appeal, No. 46, Jan. T., 1920, by defendant, from judgment of Superior Court, March

T., 1919, No. 36, affirming judgment of C. P. Luzerne Co., Dec. T., 1918, No. 391, on case-stated, in suit of Trustees of the State Hospital of the Middle Coal Field of Pennsylvania v. Lehigh Valley Coal Co. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Case-stated to recover for treatment of defendant's employees removed to plaintiff's hospital "by permission of defendant."

Appeal from Superior Court. See 71 Pa. Superior Ct. 545.

The Superior Court affirmed the judgment of the court of common pleas. Defendant appealed.

*Error assigned* was judgment of Superior Court, quoting it.

*F. W. Wheaton,* with him *P. F. O'Neill,* for appellant. —The power of appellee to charge anyone for hospital treatment is limited and restricted by its charter to patients other than "persons injured in and about the mines": Bank of Pa. v. Com., 19 Pa. 144; Fowler v. Scully, 72 Pa. 456; Miller v. Miller, 44 Pa. 170.

Appellee's charter obligations were not repealed, nor were its charter powers extended by the provisions of the Workmen's Compensation Act of 1915: Com. ex rel. v. DeCamp, 177 Pa. 112; City of Harrisburg v. Sheck, 104 Pa. 53.

Upon a proper construction of the Workmen's Compensation Act of 1915 and the case-stated, appellee should not be allowed to recover on the basis of an implied assumpsit.

*Wm. M. Hargest,* Deputy Attorney General, with him *William I. Schaffer,* Attorney General, for appellee.— When properly construed, the Workmen's Compensation Law of 1915 imposes liability on appellant.

To adopt appellant's construction would make the Workmen's Compensation Law unconstitutional.

The facts of the case-stated imposed the legal obligation under the Workmen's Compensation Law upon appellant.

OPINION BY MR. JUSTICE FRAZER, May 26, 1920:

Plaintiff sued to recover for hospital service rendered defendant's employees from time to time, as appeared by the statement of account, the items of which are conceded to be correct, in a case-stated for the opinion of the court. Liability was denied on the ground that, under its charter, plaintiff is not authorized to charge for the service rendered. The court below entered judgment for plaintiff, which was affirmed on appeal to the Superior Court and, upon petition by defendant, an appeal was allowed to this court.

Plaintiff was incorporated by special Act of June 14, 1887, P. L. 399, as a state hospital for the purpose, as set forth in section 9, to provide "care and treatment of persons injured in and about mines, workshops and railroads, and all other laboring men" in the middle coal field district of Pennsylvania, with a proviso that patients should not be admitted to the hospital for treatment to the exclusion of the class specifically mentioned. Section 10 authorizes the trustees to "charge any patient other than the class named in section 9 of this act, an amount sufficient to cover the cost of treatment." It is admitted the account sued for includes only treatment of persons within the class stated for which no charge for service is allowable under the Act of 1887 and that the charges are reasonable. While plaintiff would be without right to claim against those receiving the treatment, for which compensation is asked, under its charter act, defendant's liability is based on section 306 (e) of the Workmen's Compensation Act of June 2, 1915, P. L. 743, which provides that during the first fourteen days after disability the employer "shall furnish reasonable

surgical, medical and hospital services, medicines and supplies, as and when needed, unless the employee refuses to allow them to be furnished by the employer.
......If the employer shall, upon application made to him, refuse to furnish such services, medicines and supplies, the employee may procure the same, and shall receive from the employer the reasonable cost thereof.
......If the employee shall refuse reasonable surgical, medical, and hospital services, medicines and supplies tendered to him by his employer he shall forfeit all right to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal."

The case-stated stipulates that the employees of defendant treated at the hospital had been injured in the course of their employment "and by permission of the defendant were removed to the plaintiff hospital for treatment." No formal application to defendant for medical service was made by the injured employees and, hence, there was no refusal on part of employer to furnish treatment; but by giving permission to remove the injured person to plaintiff hospital and acquiescing in such removal defendant must be deemed to have acted in performance of its duty to furnish reasonable medical aid and hospital service, especially as we find nothing to indicate an offer by defendant to personally, through its own facilities, furnish such service. The wording of the act is that employers "shall furnish" such service. In view of this mandatory provision and defendant knowingly permitting its employees to be moved to the hospital, without objection, it must be held to have adopted this method of performing the duty imposed upon it by law; consequently, no formal application by the employee for assistance was necessary as a condition precedent to liability. The employer's duty is to "furnish" medical aid and not merely to reimburse the injured employee after the service has been procured elsewhere. Had this been an action by the employee based

on defendant's refusal to furnish aid, the latter might well set up the facts agreed upon as a complete performance of its duty under the act. The employer, in lieu of furnishing the service required by the act, having acquiesced in the removal of the injured employees to plaintiff hospital for care and treatment, adopted this method of performing its statutory duty and at once there arose an implied obligation on its part to pay plaintiff for such service.

It is further contended that since the Act of 1887 required plaintiff to furnish free service to the class of persons for whose treatment the action was brought, this exemption extended to the employer and operated to relieve defendant from liability. At the time the Act of 1887 was passed no obligation on the part of the employer existed to furnish aid of any sort to those injured while in his service. The Act of 1915 changed the status of the employer by creating a duty not previously existing and also a condition not in contemplation of the legislature at the time of the passage of the Act of 1887 incorporating plaintiff. The Workmen's Compensation Act is a general law applicable throughout the State and makes no attempt to exempt from liability a class of employers within a particular district and impose upon the State the burdens they would thus escape. A construction permitting the hospital under the Act of 1887 to recover for services thus rendered at the implied request of the employer permits both that act and the Workmen's Compensation Act to stand together and avoids a construction of the later act raising a question of its constitutionality.

The judgment is affirmed.