J. E. F. Henry, M. D.
vs.                              W.C.A.No.626
American Enamel Co.

April 30, 1926

TANNER, P. J. This is a petition under the Workmen's Compensation Act in which the physician seeks to recover from the employer the statutory amount of his claim for attendance upon a workman injured in the employ of the respondent company.

The employer objects to the granting of the petition upon three grounds:

First: That the physician did not within seven days file written notice with the employer that he was attending said employee;

Second: That the said physician did not within three months present his bill for services to said employer; and

Third: That the petition has not been brought within two years after the occurrence of the injury.

The employee testifies that he went once to the hospital to which he was directed by his foreman; that he then returned to his foreman and said to him that he did not care for further treatment at said hospital but would prefer to be treated by his own doctor. To this request the foreman offered no objection.

Upon this point we shall therefore hold, as we have previously held following the case of Trustees of State Hospital vs. Lehigh Valley Coal Co.,

that inasmuch as the employer assented to the employment of the employee's doctor no notice was necessary under the statute; that the assent of the employer was a waiver of notice or an adoption of the employment of the physician.

110 Atl. 255.

On the second objection we think it might be considered a logical extension of the principle adopted under the first point to say that it was not necessary to comply with the statute in sending the bill within three months, since the prior consent of the employer to the employment of the employee's physician would place the physician's claim on the same basis as an engagement by the employer in the first instance.

Upon the third objection the petitioner cites the case of Paolis vs. Tower Hill, &c., Co., 108 Atl. 638. In that case the court made a distinction between compensation for injury and costs of injury, placing the physician's bill under costs of injury rather than compensation for injury. This conclusion was arrived at for the purpose of preventing the tolling of the statute which required suit within a year after the injury. Another provision of the statute enabled an employee to sue after the expiration of said year if there had been any payment of compensation made within the year. This decision seems to us to be a good example of the ingenuity with which courts sometimes arrive at desired, and perhaps desirable, results. We see no reason why a physician's bill should not be considered as compensation just as much as loss of wages. It is just as much a financial loss to the employee as the loss of his wages. We are therefore not inclined to follow the Pennsylvania case.

It might be further objected that the physician's petition might not be considered as "an employee's claim for compensation," but it certainly is part of the employee's claim for com-

pensation in the ordinary petition where he makes the physician's services a part of his recovery, and even where the physician petitions in his own name, his petition is based upon and limited by the employee's statutory claim for medical attendance. We do not believe that the Legislature intended that a physician's bill which is based upon the employee's claim and recovered by petition under the Workmen's Compensation Act could be sued for subsequently to the two year limitation prescribed by statute.

Upon the last objection, therefore, the petition must be denied.

For Petitioner: Fergus J. McOsker.

For Respondent: Frederick A. Jones.