HARRY BOCK, Respondent, *v.* P. J. KEOGAN, INC., Appellant.

Supreme Court, Appellate Term, First Department, November 4, 1926.

**Workmen's compensation — action by physician for value of medical services rendered to employee of defendant — defendant's foreman directed employee to go to hospital following injury — Workmen's Compensation Law, § 13, imposes obligation on employer to furnish medical attention to injured employee — foreman had implied power to engage plaintiff.**

The defendant is liable to the plaintiff, a physician, for services rendered to an employee of the defendant for injuries suffered by the employee while in the employ of the defendant, for it appears that a few days after the injuries and after the employee had notified the defendant's foreman of the injuries, he was directed by the foreman to go to a hospital for treatment and was there treated by the plaintiff.

Section 13 of the Workmen's Compensation Law imposes an obligation on employers to provide medical attention for employees injured in the service, and under that section the foreman of the defendant had the implied power to engage the plaintiff to treat the employee for injuries suffered, since it appears that the foreman had knowledge of the nature of the injuries.

APPEAL by defendant from judgment of the Municipal Court, Borough of Manhattan, Fifth District, entered after trial before the court without a jury.

*E. C. Sherwood* [*George A. Garvey* of counsel], for the appellant.

*Isador H. Taylor*, for the respondent.

O'MALLEY, J.   This appeal involves a single question of law. The plaintiff is a physician.   He sues the defendant to recover for professional services rendered by him to one John Stepina, a workman in the employ of the defendant.   Concededly the workman

was injured, and his evidence tended to show that a few days after his injury he was directed by the defendant's foreman to go to a hospital for treatment. He was there treated by the plaintiff who afterwards rendered to the defendant a bill for services and subsequently brought this action.

It is urged by the appellant that a recovery herein cannot be sustained in the absence of proof of a contractual relation between the defendant and the plaintiff. It is urged that the foreman was without authority to obligate the defendant for the services rendered under the circumstances disclosed herein.

If we were dealing with a question of pure agency no doubt the appellant would be right in its position. But the rights of the plaintiff herein do not depend upon mere agency. His rights are based upon a statute. It is section 13 of the Workmen's Compensation Law (Laws of 1922, chap. 615), which, in so far as is material to this case, provides:

"Treatment and care of injured employees. The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment  *  *  *  as the nature of the injury or the process of recovery may require. If the employer fail to provide the same, after request by the injured employee such employee may do so at the expense of the employer. The employee shall not be entitled to recover any amount expended by him for such treatment or services unless he shall have requested the employer to furnish the same and the employer shall have refused or neglected to do so, or unless the nature of the injury required such treatment and services and the employer or his superintendent or foreman having knowledge of such injury shall have neglected to provide the same;  *  *  *. All fees and other charges for such treatment and services shall be subject to regulation by the Commissioner as provided in section twenty-four of this chapter, and shall be limited to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living."

It is to be observed that this statute imposes upon the employer the duty of furnishing medical treatment to an employee who is injured. If he fails in such duty the injured employee is given the right to secure such services at the expense of the employer, but not, however, without first having requested the employer to furnish the services, and the employer's refusal or neglect so to do, or " unless the nature of the injury required such treatment and services and the employer *or his superintendent or foreman having knowledge of such injury shall have neglected to provide the same.*"

It has been held by this court (*Feldstein* v. *Buick Motor Co.,* 115 Misc. 170; *Zamkin* v. *United States Fidelity & Guaranty Co.,*

121 id. 669) and by the Appellate Division (*Weinreb* v. *Harlem Bakery & Lunch Room, Inc.*, 204 App. Div. 293) that under this section an employer who furnishes the medical services required by the statute is liable to the physician who performs the services in an action at common law, and that the physician's charges are not in such case a part of the employee's compensation allowable under the statute. By these decisions we are bound. While recognizing these decisions the appellant contends that they are not controlling for the reason that in those cases the contract between the physician and the employer seems to have been admitted. Here it is urged such contract is denied because of lack of authority in defendant's foreman.

I am unable to agree with the contention of defendant's counsel that his client is not bound by the foreman's act. Under the section involved I am of the opinion that a superintendent or a foreman has implied power to act on behalf of his employer in directing the injured employee to go to a particular hospital or physician for treatment. There is strong reason for this interpretation. Injuries to workmen happen suddenly, and frequently in the absence of the individual employer or duly authorized officers of a corporate employer. In many instances, therefore, it would be impractical, if not impossible, for a foreman or superintendent to promptly secure express authorization to provide medical or surgical treatment. This might, and probably would in many instances, result in grave injustice, not only to the injured employee, but to the employer. Because of the resulting delay which in many instances might be regarded as tantamount to a refusal to furnish services, the employer might be deprived of the right so to do. Moreover, it is to be observed that when the injuries are of a nature requiring treatment, a foreman who has knowledge may secure medical treatment. If he fails so to do, the employee may then act. It seems to follow of necessity that the statute gives to the superintendent or foreman having knowledge of the nature of the injury, the right in the first instance to procure the treatment or services.

In the instant case it was after a report, made by the employee to his foreman, that the services of the plaintiff at the direction of the foreman were employed. The foreman was the agent of the defendant for such purpose and the employer, therefore, should respond for the value of such.

It follows that the judgment should be affirmed, with twenty-five dollars costs.

All concur; present, DELEHANTY, LYDON and O'MALLEY, JJ.