SAMUEL M. HYMAN, Plaintiff, v. HUDSON CONTRACTING Co., INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, June 12, 1934.

*Jacob Schutzbank*, for the plaintiff.

*Harry Levine*, for the defendant.

GARSIDE, J. Plaintiff seeks to recover from defendant corporation the reasonable value of medical services rendered by him to an employee of the defendant corporation, injured in the course of

his employment. The defendant carried workmen's compensation insurance through the Independence Indemnity Company, and it was in fact the insurance carrier rather than the employer who retained the doctor (plaintiff herein) to render medical aid to the injured employee. This is a common-law action to recover for the reasonable value of the services rendered. Such an action is a proper one. (*Weinreb* v. *Harlem Bakery & Lunch Room, Inc.*, 204 App. Div. 293.) Plaintiff sues the defendant rather than the insurance company because the insurance company became insolvent subsequent to the retention of the doctor by it and has either failed or refused to pay the bill.

The sole question before the court is whether or not in the circumstances the employer can be held liable for the medical services rendered to the injured employee.

The law of this State imposes upon the employer a positive duty to " promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus for such period as the nature of the injury or the process of recovery may require." (Workmen's Comp. Law, § 13.) Most employers of labor discharge this positive duty by means of carrying workmen's compensation insurance. In consideration of the payment by the employer of a premium, so called, an insurance company undertakes for the employer to comply with the requirements of the law when injuries to employees occur. This device does not, in the opinion of this court, relieve the employer of his obligation to comply with the provisions of the law. The insurance company becomes the agent of the employer. If the carrier, as in the instant case, retains a physician to treat an injured employee, it does so as agent of the employer, and in the event the agent does not pay for this service the employer is liable and should be required to pay.

You do not escape liability by carrying insurance against liability. You at the most entertain a hope that having paid a premium to an insurance company it will discharge the liability for you. If for any reason it fails to do so your position is exactly what it was before you purchased the insurance. But during such time as the insurance company acts for you in discharging or in attempting to discharge your obligation to injured employees it acts as your agent and ordinary principles of agency apply.

In the instant case the insurance company while acting as agent for the employer (defendant herein) retained the services of the plaintiff in the treatment of an injured employee. The agent having failed to pay, the principal should be required to do so. (See the case of *Bock* v. *Keogan, Inc.*, 128 Misc. 189.) The court

is of the opinion that the insurance carrier in this case was at the time it employed the doctor as effectively an agent of the employer as was the foreman of the employer in the *Bock* case.

Judgment for plaintiff in the amount of ninety-six dollars, with interest as prayed for. Five days' stay.